IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY EVAN ROBESON, #57120-177, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:22-CV-1564-D-BK |
| WARDEN MICHAEL J. HARRIS, RESPONDENT. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Corey Evan Robeson's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed below, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Robeson, a federal prisoner at Fairton FCI in New Jersey, challenges the 210-month sentence imposed by this Court in *United States v. Robeson*, No. 3:18-CR-6-D-52, Crim. Doc. 831 (N.D. Tex. October 18, 2018), *appeal dismissed*, No. 18-11421 (5th Cir. May 23, 2019). Doc. 1 at 2, 4-12. He unsuccessfully sought to vacate his conviction and sentence under 28 U.S.C. § 2255. *Robeson v. United States*, No. 3:18-CR-6-D-52, 2021 WL 6339552, at *1 (N.D. Tex. Nov. 18, 2021), *R. & R. adopted*, 2022 WL 93933 (N.D. Tex. Jan. 10, 2022).

In April 2022, Robeson filed a § 2241 petition in the United States District Court for the District of New Jersey, which is virtually identical to the one in this case. That court, however, summarily dismissed the petition for lack of jurisdiction because Robeson failed to meet his

burden under the savings clause of § 2255. *Robeson v. Harris*, No. CV 22-1943 (RBK), 2022 WL 2128685, at *2-3 (D.N.J. June 13, 2022). Undeterred, Robinson resubmits his § 2241 petition to this Court. Doc. 1.

To entertain a habeas corpus petition pursuant to 28 U.S.C. § 2241, the Court must have jurisdiction over the prisoner or his custodian. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (the district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition). Because Robeson is presently incarcerated in New Jersey, this Court lacks jurisdiction to entertain his petition. *See Lee*, 244 F.3d at 374-75. Therefore, his habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** August 3, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).